IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>            Plaintiff,<br><br>  v.<br><br>MICHIGAN STATE UNIVERSITY,<br>MICHIGAN STATE UNIVERSITY BOARD<br>OF TRUSTEES; LOU ANNA SIMON, individually and<br>as agent for Michigan State University, JOHN ENGLER,<br>individually and as agent for Michigan State University,<br>and ANDE DUROJAIYE, individually and<br>as agent for Michigan State University, RICK SHAFER,<br>individually and as agent for Michigan State University,<br>ELIZABETH ABDNOUR, individually and as agent<br>for Michigan State University, DENISE MAYBANK,<br>individually and as agent for Michigan State University,<br><br><br><br>            Defendants. | Hon. _____<br><br>Case No. 1:18-cv-1430 |

**MOTION OF PLAINTIFF FOR PERMISSION TO PROCEED
UNDER A PSEUDONYM**

      Plaintiff John Doe, ("Plaintiff" or "Doe") by his attorneys, Nesenoff & Miltenberg, LLP and Springstead Bartish Borgula & Lynch, PLLC, hereby moves this court for an Order allowing Plaintiff to proceed in this action under the pseudonym John Doe, as set forth below and in the accompanying Memorandum of Law.

      1.     Plaintiff has filed a Complaint on this same date under the name John Doe, a copy of which is attached hereto as Exhibit A.

1

2. By this motion, Plaintiff seeks the Court's permission to file the Complaint in the above-captioned matter as a pseudonymous Plaintiff and to have his identity protected in all public filings with the Court, including any dispositive motions.

3. In accordance with Local Rule 7.1(d), on December 5, 2018, the undersigned called counsel for Defendants to discuss the instant motion and the relief requested therein. Defendants' counsel indicated that they would not oppose Plaintiff's motion.

4. Plaintiff's lawsuit stems from Defendants' conduct in the course of a university disciplinary proceeding and involves highly sensitive matters personal to the individuals involved.

5. On September 8, 2017, Michigan State University ("Michigan State") Campus Police reported to Michigan State's Office of Institutional Equity ("OIE") that Jane Roe[1] had reported that Plaintiff sexually assaulted her on September 1, 2017 in their dormitory. (Complaint ("Cmplt.") ¶183;82)

6. At the time of the alleged sexual assault, Plaintiff was a sophomore at Michigan State, with no prior disciplinary history. (Cmplt. ¶¶77;80.)

7. As detailed in the Complaint, OIE conducted a superficial, flawed and gender-biased investigation into the allegations against Doe. (Cmplt. ¶¶183-220).

8. Based on this investigation, OIE erroneously concluded that Doe sexually assaulted Roe. (Cmplt. ¶ 221). Ignoring significant evidence to the contrary, Defendant Abnour, the investigator in this matter, incorrectly concluded that Roe was incapacitated and therefore unable to give consent. (Cmplt. ¶¶222-224).

---

[1] Plaintiff also seeks to protect the privacy interests of Jane Roe, the complainant in the underlying disciplinary proceeding as well as the privacy interests of witnesses interviewed as part of OIE's investigation of the alleged assault.

9. Intense pressure at Michigan State to find against males accused of sexual assault motivated this erroneous outcome. (Cmplt.¶262-271).

10. Defendant Abdnour also selectively enforced the Relationship Violence and Sexual Misconduct Policy ("RVSM"). (Cmplt. ¶¶225-227). Abdnour failed to investigate Doe's allegations of retaliation against him. (Cmplt. ¶ 225). Abdnour also ignored evidence of Doe's own incapacitation and failed to investigate whether Roe had committed a sexual assault against Doe, in that Doe lacked the ability to give consent. (Cmplt. ¶¶226-227).

11. As a result of the foregoing, Doe was erroneously dismissed from Michigan State. (Cmplt. ¶228).

12. As detailed in the Complaint, Defendants' gender-biased, erroneous, selective finding of responsibility have caused Doe immense emotional, reputational, financial, educational and professional harm. (Cmplt. ¶¶244-261).

13. In *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004), the court outlined several considerations to determine "whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." These considerations include: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether plaintiffs are children (internal citations omitted)."

14. As established in great detail in Plaintiff's accompanying Memorandum of Law, Plaintiff has met his burden to allow for him to proceed in this matter under a pseudonym, John Doe.

15.     Plaintiff satisfies the first factor outlined in *Doe v. Porter* as he is suing to challenge governmental activity. *Doe v. Porter*, 370 F.3d at 560. Defendant Michigan State is a land grant university established by the state of Michigan and is therefore a state actor. (Cmplt. ¶¶ 285;274 ). The individually named Defendants in this action were, at all relevant times, acting under color of state law, as agents of Michigan State. (Cmplt. ¶¶ 274;285;315). In his Complaint, Plaintiff challenges governmental activity, by alleging, *inter alia*, that the conduct of Michigan State and the individually named Defendants, acting under the color of state law, violated the federal and state constitutions as well as Title IX of the Education Amendments of 1972.

16.     Plaintiff should be allowed to proceed under a pseudonym since the prosecution of this litigation requires disclosing information of the "utmost intimacy" regarding Roe and Doe's fully consensual sexual encounter on the night of August 31, 2017-September 1, 2017. *See Doe v. Porter*, 370 F.3d at 560; *see also Doe v. Univ. of St. Thomas*, No. 16-cv-1127, 2016 WL 9307609 at *2 (D. Minn. May 25, 2016) (granting anonymity where "[t]he complaint and its supporting documents describe very private sexual acts, whether consensual or not, between two young college students, and it is difficult to imagine any resolution of this case without further exploration of truly intimate matters.")

17.     Revealing Plaintiff's identity will also result in a significant likelihood of retaliation and harassment. *John Does 1-4 v. Snyder*, No. 12-11194, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18, 2012), ("'[a] plaintiff can support his fear by demonstrating the need for anonymity to prevent retaliation, the reasonableness of the plaintiff's fear, the severity of the threatened harm, and the plaintiff's vulnerability' (internal citations omitted)."

18.     Here, anonymity is necessary because Doe has already experienced significant retaliation. Roe's friends have verbally called him obscenities, and his dormitory room name-

4

plate was defaced with slurs. (Cmplt. ¶198). In the days following the incident, a group of Roe's friends aggressively ran down the hall of their dormitory, banged on the door to Doe's suite and told Doe's suitemate that Doe had "disrespected" Roe. (Cmplt. ¶198). As a result of this retaliatory behavior, Doe felt anxious and socially isolated, either missing meals or eating alone in his room because he wanted to avoid the cafeteria, where one of the retaliatory incidents occurred. (Cmplt. ¶¶247-248). Doe also resorted to using back staircases, in part due to this retaliatory behavior. (*see* Cmplt. ¶249).

19. Plaintiff should also be permitted to proceed as John Doe because Defendants will not be prejudiced in any way by proceeding against a pseudonymous party. *Snyder*, 2012 WL 1344412, at *2 ("A court may also 'consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case'" (internal citations omitted)).

20. Here, Defendants are already aware of Plaintiff's identity. In light of this fact and the fact that the underlying disciplinary proceeding occurred at Michigan State, there is no doubt that Defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds under a pseudonym.

21. Should the Court grant Plaintiff's motion, and permit him to proceed by pseudonym, the entry of a protective order will be necessary to protect the disclosure of Plaintiff's identity during the course of discovery and in submissions to the Court which may become part of the public record. For this reason, Plaintiff requests leave to file a proposed protective order with the Court upon the issuance of a decision on this motion in Plaintiff's

favor. Plaintiff is, further, amenable to conferring with Defendants prior to submission of the proposed protective order to determine if the parties can agree to the proposed terms.

Dated:   New York, New York
         December 26, 2018

>Respectfully Submitted,
>
>**NESENOFF & MILTENBERG, LLP**
>
>By: */s/Andrew T. Miltenberg*
>Andrew T. Miltenberg, Esq.
>Stuart Bernstein, Esq.
>Tara J. Davis, Esq.
>Attorneys for Plaintiff
>363 Seventh Avenue, 5th Floor
>New York, New York 10001
>212-736-4500 (telephone)
>212-736-2260 (fax)
>amiltenberg@nmllplaw.com
>sbernstein@nmllplaw.com
>tdavis@nmllplaw.com
>
>**SPRINGSTEAD BARTISH BORGULA & LYNCH, PLLC**
>Matthew G. Borgula (P57330)
>Donald A. Davis (P24049)
>15 Ionia Ave SW #520
>Grand Rapids, MI 49503
>616-458-5500 (telephone)
>matt@sbbllaw.com
>dondavis@sbbllaw.com
>
>***Attorneys for Plaintiff John Doe***